IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANI SUBRAMANIAN, | No C 06-3050 VRW |
| Plaintiff, | ORDER |
| v | |
| QAD INC, WILLIAM D CONNELL, AND DOES 1-50 | |
| Defendants. | |

  Plaintiff, Mani Subramanian, appearing *pro se*, brought suit against defendant QAD Inc alleging copyright infringement and other claims. Plaintiff now seeks that the undersigned recuse himself from this case. Doc #44. For the reasons stated below, the court DENIES plaintiff's request.

  In pertinent part, the court issued an order on June 22, 2005 ("order"), remanding and dismissing plaintiffs' numerous claims against defendant QAD and others, save one claim that was stayed pending state court resolution. <u>Vedatech, Inc et al v St Paul Fire & Marine Insurance Co et al</u>, 2005 WL 1513130 (ND Cal

2005).  In the order, the court imposed sanctions pursuant to FRCP 11 upon plaintiffs, including Subramanian, for frivolous filings and for other conduct.  Id at 11.

Plaintiff alleges that the order creates an appearance of bias requiring recusal of the undersigned pursuant to 28 USC § 455(a).  Doc #44.  Specifically, plaintiff argues that the order's language casts plaintiff in a negative light creating an appearance of judicial partiality.  Id at 3.  In part, plaintiff quotes the court's description of plaintiff's "reprehensible conduct" and "apparent anger" and the court's censure of plaintiff's unwarranted legal contentions.  Id.  Plaintiff further argues that the court's prior rulings "disregard * * * the evidence" thus forming "factual reasons to create the appearance" of bias.  Id at 4.  The court disagrees.

Section 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Because plaintiff does not allege that the undersigned relied on extrajudicial knowledge, the relevant inquiry under § 455(a) is whether opinions formed in the current or prior proceedings "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v United States, 510 US 540, 555 (1994).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Id.

The language plaintiff quotes is appropriate to the FRCP 11 rulings.  The court was required to evaluate the validity and reprehensibility of plaintiff's conduct in light of FRCP 11. Moreover, the Supreme Court in Liteky clearly exempts judicial "expressions of impatience, dissatisfaction, annoyance and even

anger" from hostility requiring recusal under §455(a).  <u>Liteky</u>, 510 US at 555-56.  The language identified by plaintiff is well within this exemption or simply not indicative of hostility or bias.

Plaintiff's argument that rulings unfavorable to him in the prior action create the appearance of bias is untenable.  However strong plaintiff feels his arguments were in the prior action, the court's disagreement does not connote bias.

Plaintiff explicitly excludes from his motion allegations of "personal bias or prejudice concerning a party" under § 455(b)(1).  The court notes, however, that the circumstances argued by plaintiff in support of the § 455(a) motion provide no evidence of actual bias on the part of the undersigned; nor is the undersigned in fact partial toward or against either party.

Plaintiff's request is DENIED.  The parties are to report to the court by letter on or before June 25, 2007 regarding the status of their settlement efforts.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge