IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MANI SUBRAMANIAN,      No   C 06-3050 VRW

    Plaintiff,      ORDER

    v

QAD INC, WILLIAM D CONNELL, AND DOES 1-50,

    Defendants.
_____/

    The court held a case management conference in the above-captioned matter on January 8, 2009.  No appearance was entered for plaintiff Mani Subramanian and no explanation was given for the absence.  Defendants appeared.

    Under FRCP 41(b), the court can dismiss an action based on plaintiff's failure to prosecute or failure to comply with a court order, and such a dismissal operates as an adjudication on the merits.  In determining whether to dismiss an action, the court considers the following factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  Carey v King, 856 F2d 1439, 1440 (9th Cir 1988).

In this case, Subramanian failed to appear at a case management conference crucial to resolving ongoing discovery disputes between the parties. See Doc #180. Defendants allege that Subramanian has failed to appear at scheduled depositions. Doc #213. Further, the court notes that Subramanian is not in compliance with the court's order of November 20, 2008, Doc #193, ordering him to pay defendants' attorneys' fees.

The court believes allowing this case to continue in light of Subramanian's failure to appear and failure to comply with court orders would greatly prejudice defendants, who have been forced to respond to Subramanian's many (often frivolous) motions. See generally Docs ##115,121,146,151,191,216. The court has attempted the less drastic remedy of monetary sanctions to no avail. Doc #75 at 22. The court is thus satisfied that the only remaining remedy before it is to dismiss the case with prejudice unless Subramanian can demonstrate good cause to do otherwise.

Accordingly, the court hereby ORDERS Subramanian to SHOW CAUSE in a writing not to exceed ten pages, on or before January 22, 2009, why the court should not dismiss this case for failure to prosecute. Defendants shall file their response, if any, not later than January 29, 2009. FAILURE TO RESPOND TO THIS ORDER BY JANUARY 22, 2009 WILL RESULT IN DISMISSAL.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge