IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANI SUBRAMANIAN, | No   C 06-3050 VRW |
|     Plaintiff, | ORDER |
|     v | |
| QAD INC, WILLIAM D CONNELL, AND DOES 1-50, | |
|     Defendants. | |

On January 12, 2009, the court issued an order ("OSC") for plaintiff Mani Subramanian ("Subramanian") to show cause why the above-captioned case should not be dismissed under FRCP 41(b) for Subramanian's failure to prosecute.  Doc #221.  Subramanian responded to the OSC on January 22, 2009.  Doc # 222.  Defendant QAD ("QAD") replied on January 29, 2009.  Doc #224.  Subramanian filed a reply on February 2, 2009.  Doc #225.  As explained below, after reviewing Subramanian's submissions, the court is satisfied that he has not shown cause why the case should not be dismissed.

The court issued the OSC after Subramanian failed to appear at a case management conference ("CMC") necessary to resolve ongoing discovery disputes between the parties.  Doc #221.  The court noted further that Subramanian was not in compliance with a court order ordering him to pay attorneys' fees.  Id at 2.  The court referenced QAD's allegation that Subramanian had failed to

appear at two scheduled depositions. Id. Finally, the court noted that Subramanian's failure to appear is all the more egregious in light of the numerous motions he has filed. Id.

      Subramanian's twenty-nine page response and ten page reply to the OSC contain relatively little that addresses the court's concerns. First, Subramanian explains that he did not appear at the CMC because be believed he had retained counsel and further believed that counsel would appear for him at the CMC. Doc #222 at 2. Subramanian does not provide details regarding why the attorney failed to appear other than to say it was the result of an "apparent confusion." Id. Subramanian explains that due to his "physical and mental exhaustion" he could not attend the CMC himself. Id at 10.

      The court finds Subramanian's explanation problematic. As a preliminary matter, the court is troubled that Subramanian notified neither the court nor opposing counsel that he would be represented by an attorney at the CMC. See Doc #224 at 12. Further, and more significantly, Subramanian uses only vague, conclusory assertions to explain the mix-up that led the attorney not to attend the CMC. See Doc #222 at 2 ("apparent confusion"), 8 ("inadvertent confusion"). Subramanian does not elaborate on this confusion in his reply. Doc #225 at 7 ("evidence of plaintiff is uncontradicted and legally sufficient for the purpose at hand"). Because Subramanian offers no explanation to the contrary, the court must conclude that Subramanian was responsible for the attorney's failure to attend the CMC.

      Additionally, Subramanian explains that he could not attend the CMC himself because of his "physical and mental

2

exhaustion." Doc #222 at 10.  Subramanian admits, however, that his exhaustion developed well before the scheduled CMC.  Id at 8-9.  Subramanian did not notify the court, nor did he notify opposing counsel, that he would not be able to attend because of his exhaustion.  See Doc #224 at 6.  Even if the court could consider "exhaustion" good cause for failure to appear at a CMC, the court cannot excuse Subramanian's failure to appear without prior notice when Subramanian had the ability to inform the court or opposing counsel that he could not attend.

Finally, Subramanian seems to argue that the court should consider his failure to appear as an isolated incident rather than as part of a larger pattern.  See Doc #222 at 6-8.  But even if the court were to ignore Subramanian's contempt, Doc #221, or any allegations that Subramanian had not attended scheduled depositions, see Doc #224 at 5, the court would still have the authority to dismiss Subramanian's claims.

In simple terms, the court asked Subramanian to explain his failure to appear at the CMC, and Subramanian's response offered no cogent explanation.  Subramanian has thus not shown cause why his claims should not be dismissed.  Accordingly, pursuant to FRCP 41(b), all Subramanian's claims in 06-3050 are hereby DISMISSED.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

3